# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **CHINA TELANO** | : | **CIVIL ACTION NO. 18-1460** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **EVANS OIL COMPANY, LLC d/b/a DAILY PRESS** | : | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Defendants' Motion to Dismiss and/or Motion for Summary Judgment [Doc. No. 24]. Defendants argue that Plaintiff China Telano ("Telano") improperly named Evans Oil Company, LLC ("Evans") as a Defendant in this employment discrimination matter when she was employed solely by Daily Press, LLC ("Daily Press"). Additionally, Defendants move for dismissal of Telano's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, *et seq.*, because she failed to exhaust her administrative remedies against Daily Press. Telano opposes summary judgment on both arguments.

For the following reasons, Defendants' Motion to Dismiss and/or Motion for Summary Judgment is DENIED.

## I.   FACTS

Telano was a day shift manager of the Daily Press on Louisville Avenue in Monroe, Louisiana, at the time of her termination.

When she began her employment, Telano signed documents for the Daily Press. She was also paid weekly by the Daily Press. As manager, she had the authority to hire, fire, and train Daily Press employees at her store.

On or about February 16, 2017, Telano alleges that she was injured during the course and scope of her employment, which she further alleges caused injury to her sciatic nerve and permanent injury to her leg. Telano alleges that she requested a reasonable accommodation of a stool to sit occasionally, but that she was denied this requested accommodation.

On March 2, 2017, Jeff Bennett ("Bennett"), the General Manager of Daily Press, terminated Telano's employment. Telano alleges that he did so in retaliation for making a request for accommodation and that she was told that she was being terminated for filing a workers' compensation claim. Defendants contend that Telano was terminated for serious food safety issues that occurred under her supervision.

On or about April 4, 2017, Telano filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Evans Oil d/b/a Daily Press, alleging that she had been subjected to discrimination based on sex and disability.

On April 11, 2017, counsel for Telano sent a letter of representation to Evans Oil, Petro Evans, LLC ("Petro Evans"), and Daily Press, noting that Telano was a joint employee of all three companies. Telano made written demand for failure to pay leave time accrued but not taken at the end of her employment. On April 21, 2017, an attorney sent a letter to Telano's counsel responding to Telano's claims, denying that Telano was employed by Evans Oil or Petro Evans and further denying that she was entitled to further payments.

On or about May 16, 2018, the EEOC terminated its processing of the charge and, at Telano's request, issued a Notice of Right to Sue.

On August 13, 2018, Telano filed a Petition in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana, alleging sex discrimination in violation of Title VII, disability discrimination in violation of the ADA, and failure to properly pay wages in violation of the Louisiana Wage Payment Statute.

On November 8, 2018, Defendant removed the case to this Court.

On December 3, 2018, Evans Oil filed an Answer alleging Telano was never an employee of Evans Oil, she was an employee of Daily Press at all material times, and Evans Oil has never done business as Daily Press.

On April 9, 2019, with leave of Court, Telano filed an Amended and Restated Complaint to add Daily Press as a Defendant. [Doc. No. 18].

On April 11, 2019, Evans Oil and Daily Press filed an Answer [Doc. No. 20] to the Amended and Restated Complaint. Evans Oil again denied it had done business as Daily Press and denied that Telano was employed by Evans Oil.

On October 31, 2019, Defendants filed the instant motion. On December 9, 2019, after having obtained an extension from the Court, Telano filed an opposition memorandum. [Doc. No. 28]. No reply was filed.

The motion is fully briefed, and the Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss/Motions for Summary Judgment

Defendants filed an alternative motion to dismiss or motion for summary judgment. Under Federal Rule of Civil Procedure 12(d), "If, on a motion under Rule 12(b)(6) or 12(c),

matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." [1]

As an initial matter, the Court will consider and treat the motion to dismiss as a motion for summary judgment under Rule 56, since matters outside the pleadings have been presented to and not excluded by the court. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990). "Rule 12(b) gives a district court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith ex rel Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citation omitted). "[W]henever a motion to dismiss is converted into a motion for summary judgment, the non-movant is entitled to the 'procedural safeguards of Rule 56.'" *Id.* at 195 (citation omitted).

### B. Employer Status under Title VII and the ADA

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). The ADA prohibits covered private employers from discriminating against a qualified individual with a disability regarding job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment. *See* 42

---

[1] In this case, though the motion is styled as a motion to dismiss under Rule 12(b)(6), it is filed after both Defendants have answered. Typically, such motions are construed as a motion for judgment on the pleadings under Rule 12(c). However, some courts have permitted post-answer Rule 12(b)(6) motions as long as defendants have raised the defense of failure to state a claim for which relief may be granted. Regardless, the Court applies the same standard of review to Rule 12(b)(6) or Rule 12(c) motions. *See Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) ("The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).").

U.S.C. § 12112(a). The enforcement provisions of Title VII and the ADA permit actions against an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 2000e-5(b); 42 U.S.C. § 12111(b). Both Title VII and the ADA define an "employer," in pertinent part, as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A). Under these definitions, Daily Press is a covered employer. However, Telano has also brought suit against Evans Oil.

In considering whether an entity related to an employer may be liable under Title VII as an integrated or single employer, the Fifth Circuit follows the four-factor test adopted by the United States Supreme Court in the context of a labor dispute in *Radio Union v. Broadcast Services*, 380 U.S. 255, 257 (1965). *See Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). Although "superficially distinct," two entities "may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer." *Id.* The Court must consider the following factors in determining whether distinct entities constitute an integrated enterprise: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* The courts have placed the greatest emphasis on the second factor, focusing on which entity made the final decisions regarding employment matters relating to the person claiming discrimination. *See id.* ("Courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations."); *see also Skidmore v. Precision Printing & Pakg., Inc.*, 188 F.3d 606, 617 (5th Cir. 1999); *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997).

In this case, Daily Press and Evans Oil are separate Louisiana limited liability companies, both organized in Louisiana. They have the same legal address, have the same registered agent, are physically located in the same building, hold meetings relative to health insurance in that

5

building, and share management, including a common controller. However, financial records for the two entities are maintained separately, and Telano's weekly pay check, employment documents, and W-2s all identified Daily Press as her employer.

Based on the evidence presented at this time, the Court finds that there is a genuine issue of material fact whether Daily Press and Evans Oil are an integrated employer for purposes of Telano's Title VII and ADA claims. Telano has certainly raised issues of interrelation of operations, common management, and common ownership or financial control.

Additionally, while courts have placed greater emphasis on the second factor of centralized labor relations, the Court finds that Telano has raised issues of material fact on this factor as well. Defendants contend that Evans Oil did not exercise control over Telano's employment, arguing that she herself, a Daily Press employee, had the authority to hire, train, and terminate employees at the store where she worked. They also point out that Bennett, the General Manager of Daily Press, supervised, trained, disciplined, and ultimately terminated her employment. However, Bennett was an employee not of Daily Press, but of Evans Oil. He serves as both the food director for Evans Oil and the General Manager of Daily Press. Moreover, Telano contends she was supervised by Bennett and Jeff King ("King"), the Chief Operating Officer of Evans Oil. Finally, there is no human resources department or manager for Daily Press. Under these facts, the Court finds that are genuine issues of material fact on the relationship between the two companies, and Defendants' motion is DENIED.

### C. Exhaustion of Administrative Remedies

Defendants also move for summary judgment and dismissal of Telano's Title VII and ADA

claims as prescribed. Defendants contend that Telano was actually employed by Daily Press, that she failed to timely file an EEOC charge against Daily Press, and that she never properly named Daily Press in this lawsuit until well after the deadline.

Telano responds that her timely filed EEOC charge against Evans Oil d/b/a Daily Press was sufficient to place Daily Press on notice of her claims and exhaust her administrative remedies. She further contends that she timely filed suit after receipt of a notice of right to sue from the EEOC. Finally, she has since amended her lawsuit to add Daily Press as a defendant, and she contends that the amendment relates back to her timely filed Complaint under Federal Rule of Civil Procedure 15(c).

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir.1996)). "Although [the] filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor*, 296 F.3d at 379 (quoting *Dao*, 96 F.3d at 789).

Generally, the limitations period for filing a charge of discrimination under Title VII is 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The period is extended to 300 days in deferral states that provide a state or local agency to address complaints of employment discrimination. See 42 U.S.C. § 2000e-5(e)(1). Louisiana is a deferral state, having established the Louisiana Commission on Human Rights to investigate discrimination claims. See La. Rev. Stat. 51:2231, *et seq.*; La. Rev. Stat. 23:301, *et seq*. Therefore, Telano had 300 days from the date her termination to file an EEOC charge.

7

It is undisputed that Telano filed an EEOC charge during this time period, but she listed the employer as Evans Oil d/b/a Daily Press, not against the separately identified entity Daily Press, LLC.  On this basis Defendants contend that Telano has not exhausted her administrative remedies against Daily Press.  First, the Court would note that it has now found genuine issues of material fact as to whether Evans Oil and Daily Press acted as an integrated employer under Title VII and the ADA.

Regardless, however, this issue has been resolved by the United States Court of Appeals for the Fifth Circuit.  In *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, the Fifth Circuit considered the judicially-recognized exceptions to the "named-party requirement."  The Fifth Circuit found that a party can invoke this exception if she can show that there was an identity of interests or there was actual notice of the charge and opportunity to participate in conciliation. *Id.* at 484.  "[T]he entire point of the judicially-recognized exceptions to the named-party requirement is to permit suits to go forward where, despite the plaintiff's failure to name the defendant in the charges, the purposes of the named-party requirement have nonetheless been met." *Id.* at 485 (citing *Eggleston v. Chicago Jouneymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905–06 (7th Cir. 1981); *Glus v. C.G. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).  Therefore, Telano has sufficiently exhausted her administrative remedies if she meet one of two showings.  The identify of interests test requires Telano to show the following:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

> 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Simbaki,* 767 F.3d at 482–83 (citing *Guis,* 562 F.2d at 888) (internal quotation marks omitted).

Under the actual notice test, the Court recognized that

> the named-party requirement is meant to "give[ ] the employer some warning of the conduct about which the employee is aggrieved and afford[ ] the EEOC and the employer an opportunity to attempt conciliation without resort to the courts*." Alam v. Miller Brewing,* 709 F.3d 662, 666 (7th Cir. 2013) (internal quotation marks omitted). As such, if "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," the purpose of the named-party requirement has been accomplished, and "the charge is sufficient to confer jurisdiction over that party." *Eggleston*, 657 F.2d at 905.6

*Simbaki*, 767 F.3d at 483.

In this case, Telano has exhausted her administrative remedies under either test, but, at the least, there is no dispute that Daily Press had actual notice of the EEOC charge that was delivered to the same office to the same managers. The exhaustion requirement has been accomplished, Telano timely filed suit, and she has since amended to name Daily Press, LLC, as a Defendant, an amendment which relates back to the original timely filed Complaint. See Fed. R. Civ. P. 15(c)(1)(C)(An amendment relates back to the date of the original complaint when the "amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for [service]. . the party to be brought in . . received such notice of the action that it will not be prejudiced . . . and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identify."). Accordingly, Defendants' motion is also DENIED on this basis.

### III. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss and/or Motion for Summary Judgment [Doc. No. 24] is DENIED.

MONROE, LOUISIANA, this 26th day of December, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE